UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ms "Provence" Schiffahrtsgesellschaft mbH & Co. KG and FH Bertling Reederei GmbH<br><br>versus<br><br>M/V AGAPI S, *in rem*, Bright Navigation Inc., and Empire King Navigation, Inc., *in personam*; Cooper Consolidated, LLC; Barge RTI 430, *in rem*, and its owner RTI Barge Management, Inc., *in personam*; Barges CC 95538B, CC 95152, CC 1501, MTC 1576, AGS 194, PML 910, PML 930, *in rem*, and their owner Cargo Carriers, *in personam*; Barges SCF 26151B, SCF 14143B, SCF 24162B, SCF 24028, Bunge 14003, JIMBO 327B, *in rem*, and their owner SCF Marine Inc., *in personam*; Barge CHB 9952, in rem, and its owners ABC Corporation, *in personam* | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION:<br><br>JUDGE<br><br>MAGISTRATE |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, come plaintiffs, ms "Provence" Schiffahrtsgesellschaft mbH & Co. KG and FH Bertling Reederei GmbH, *in personam*, foreign corporations owning and managing the M/V SOLENT (collectively, "SOLENT interests") and for their Complaint against: the M/V AGAPI S, *in* rem, her owner, Empire King Navigation, Inc., and her manager, Bright Navigation Inc., *in personam* (collectively, "AGAPI S interests"); Cooper Consolidated, LLC; Barge RTI 430, *in rem*, and its owner RTI Barge Management, Inc., *in personam*, Barges CC 95538B, CC 95152, CC 1501, MTC 1576, AGS 194, PML 910, PML 930, *in rem*, and their owner Cargo Carriers A

- 1 -

Business of Cargill, Inc., *in personam;* Barges SCF 26151B, SCF 14143B, SCF 24162B, SCF 24028, Bunge 14003, JIMBO 327B, *in rem,* and their owner SCF Marine Inc., *in personam,* Barge CHB 9952, *in rem,* and its owners ABC Corporation, *in personam;* (collectively, "barge interests"); aver upon information and belief as follows:

I.

Made defendants herein are:

a) M/V AGAPI S, *in rem,* and her owner and manager, Empire King Navigation Inc. and Bright Navigation Inc., respectively, *in personam,* foreign corporations organized and existing under the laws of Greece, with principal offices located in Piraeus, Greece, ( "M/V AGAPI S interests"); and

b) Cooper Consolidated, LLC ("Cooper"), a limited liability company organized under the laws of Louisiana, with its principal place of business in Baton Rouge, Louisiana, and which was authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. Cooper was and is the owner and operator of a barge fleeting facility located on the left descending bank of the Mississippi River at approximately Mile Marker 175.

c) Barge RTI 430, *in rem,* and its owner, RTI Barge Management, Inc., *in personam,* a corporation organized under the laws of Illinois, with its principal place of business in the State of Illinois.

d) Barges CC 95538B, CC 95152, CC 1501, MTC 1576, AGS 194, PML 910, PML 930, *in rem,* and their owner, Cargo Carriers A Business of

Cargill, Inc., *in personam,* a corporation organized under the laws of Minnesota, with its principal place of business in the state of Minnesota.

e) Barges SCF 26151B, SCF 14143B, SCF 24162B, SCF 24028, Barge Bunge 14003, JIMBO 327B, *in rem,* and their owner, SCF Marine Inc., *in personam,* a corporation organized under the laws of Missouri, with its principal place of business in the state of Missouri.

f) Barge CHB 9952, *in rem,* and its owner CHB, in *personam,* and their owner ABC Corporation, *in personam,* a Louisiana Corporation organized under the laws of Louisiana, with its principal place of business in the state of Louisiana.

II.

This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

III.

Venue is proper in this judicial district since the events giving rise to this claim occurred in this district.

IV.

Bright Navigation Inc., Empire King Navigation Inc., Cooper Consolidated, LLC, RTI Barge Management, Inc., Cargo Carriers A Business of Cargill, Inc., SCF Marine Inc., and ABC Corporation are subject to the personal jurisdiction of this court because the tortious acts complained of occurred in Louisiana.

V.

On 9 February 2016, the M/V SOLENT was properly and safely anchored and moored at the 175 buoys, Mile Marker 175, in the lower Mississippi River, downstream of the Cooper fleeting facility.

VI.

During the evening of 9 February 2016, the M/V AGAPI S was operating in the lower Mississippi River around 81 Mile Point when it veered towards the east bank, ran aground and then made contact with a block of barges in the Cooper fleeting facility.

VII.

When the AGAPI S attempted to navigate 81 Mile Point, it passed too closely to the east bank and at an excessive rate of speed.

VIII.

The wake and suction created by the AGAPI S and subsequent contact with the block of barges, coupled with wheel wash from assisting tugs, caused barges secured at the Cooper facility to break loose from their moorings and drift downstream toward M/V SOLENT, striking the M/V SOLENT during the early morning hours of February 10, 2016.

IX.

Several of the breakaway barges struck the anchor chain and hull of M/V SOLENT causing significant damage to M/V SOLENT. The crew of the SOLENT, despite nighttime visibility, confirmed the vessel was struck on the

starboard bow by 4 barges (SCF 26151B, SCF 14143B, SCF 24162B, and RTI 430B) and on the port bow by Barges MTC 1576 and AGS 194.

X.

As a result of the allision, M/V SOLENT had to be taken out of service and repaired.

XI.

AGAPI S interests are liable for the damages suffered by SOLENT interests as the allisions were caused and/or contributed to by the fault, neglect and/or lack of due care on the part of AGAPI S interests' failure to exercise ordinary and reasonable care, specifically:

1. Operating negligently in restricted visibility and/or foggy conditions;

2. Travelling at an excessive rate of speed and improperly navigating 81 Mile Point;

3. Travelling too close to the east bank and the Cooper facility;

4. Negligently striking the Cooper barge fleet; and

5. Other acts of negligence to be established at the trial of this matter.

XII.

Further, Cooper, as operator of the barge fleeting facility, was the bailee of the barges in its custody and is liable for the damages suffered by SOLENT interests, as the allisions were caused by and/or contributed to by the fault, neglect and/or lack of due care on the part of Cooper's failure to exercise ordinary and reasonable care, specifically:

1. Failing to provide adequate moorings to secure the barges and other equipment;

2. Failing to take immediate action to correct any deficiencies in the moorings and/or security of the fleeting operation;

3. Failing to take adequate measures to prevent the breakaway;

4. Failing to ensure proper securing and/or resecuring of barges after other barges had been removed and/or added to the fleet;

5. Failing to exercise reasonable care in anticipating and considering adverse weather and/or river conditions;

6. Failing to assign a person in charge of the fleeting facility to be in continuous surveillance and/or to observe and maintain a proper watch over the barges and vessels in the fleeting facility;

7. Failing to inspect the fleeting facility from movements that are unusual for properly secured vessels and barges; and

8. Other acts of negligence, fault, or statutory evaluations which will be established at trial.

XIII.

Further, barge interests are liable for the damages caused by their barges striking anchored and moored M/V SOLENT under the Pennsylvania Rule, the Oregon Rule, the Louisiana Rule and/or under the doctrine of *res ipsa loquitur,* as well as other acts of negligence, strict liability or other fault to be proven at the trial of this matter.

XIV.

Further, as a result of their negligence, AGAPI S interests, Cooper, and barge interests are liable to SOLENT for, *inter alia,* the amounts necessary to compensate SOLENT interests for all survey costs and repairs to M/V SOLENT, loss of use and loss of profits, prejudgment interest and other damages in the total approximate amount of $100,000.

WHEREFORE, after due proceedings had, SOLENT interests respectfully pray that:

1. Process in due form of law in causes of admiralty and maritime jurisdiction may issue against the M/V AGAPI S, Barge RTI 430, Barge CC 95538B, Barge CC 95152, Barge CC 1501, Barge MTC 1576, Barge AGS 194, Barge PML 910, Barge PML 930, Barge SCF 26151B, Barge SCF 14143B, Barge SCF 24162B, Barge SCF 24028, Barge Bunge 14003, Barge JIMBO 327B and Barge CHB 9952, their engines, tackle, apparel, etc., *in rem*, and that all persons having or claiming any interest in said vessels be cited to appear and answer;

2. That the vessels be condemned and sold to pay the amount due plaintiffs with interest and costs;

3. That AGAPI S interests, Cooper, and barge interests, be cited to appear and answer the allegations made against them;

4. That there be judgment in favor of SOLENT interests and against AGAPI S interests, Cooper, and barge interests, for the full amount of damages sustained by SOLENT interests;

5. That plaintiffs receive all other general and equitable relief to which SOLENT interests may be entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *s/ Kevin J. LaVie*
KEVIN J. LAVIE, T.A. (#14125)
ADAM N. DAVIS (#35740)
Canal Place
365 Canal Street - Suite 2000
New Orleans, LA 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
kevin.lavie@phelps.com
adam.davis@phelps.com
Attorneys for Plaintiffs, ms "Provence" Schiffahrtsgesellschaft mbH & Co. KG and FH Bertling Reederei GmbH

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned notary, duly commissioned and qualified in the state and parish aforesaid, personally came and appeared:

**KEVIN J. LAVIE**

and, upon being first duly sworn, did depose and say:

1. That he is a partner in the firm of Phelps Dunbar LLP, counsel for plaintiffs herein;

2. That he makes this verification on behalf of plaintiffs for the reason that no officer(s) of said corporations are available in the district to sign same;

3. He is authorized and empowered to make this verification on behalf of the plaintiffs;

4. That he has read the foregoing Complaint, knows the contents thereof, and the same is true to the best of his knowledge, information and belief based on documents, surveys, repair receipts and other information provided by his clients or others.

_____
KEVIN J. LAVIE

SWORN TO AND SUBSCRIBED BEFORE ME THIS 10th DAY OF February, 2017.

_____
NOTARY PUBLIC

ADAM N. DAVIS
NOTARY PUBLIC
State of Louisiana
Notary No. 140494
My Commission Is Issued for Life

PD.2...

- 8 -